UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JUAN GILBERTO MEDRANO,

    Petitioner,

v.

SCOTT FRAUENHEIM,

    Respondent.

No. CV 15-8970 DDP (FFM)

ORDER RE SUMMARY DISMISSAL OF ACTION WITHOUT PREJUDICE

On or about November 11, 2015, petitioner constructively[1] filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). The Petition raises five claims, all of which are presently pending before the California Supreme Court on a petition for writ of habeas corpus. Petitioner did not raise any of these claims on direct appeal.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L.

---

[1] A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988). In this case, petitioner has not attached a proof of service to the Petition. However, the Petition is dated November 11, 2015. Therefore, the Court will assume without deciding that the Petition was constructively filed on that date.

Ed. 2d 379 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. *See* 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). A federal court may raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*); *see also Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

Petitioner has the burden of demonstrating that he has exhausted available state remedies. *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3rd Cir. 1982). Here, it plainly appears from the face of the Petition that petitioner cannot meet this burden with respect to his claims. Petitioner alleges that the California Supreme Court has not yet ruled on any of his claims. (Petition at ¶¶ 3-9.)

Because the California Supreme Court has not yet ruled on any of petitioner's claims, the Petition is unexhausted.

If it were clear that the California Supreme Court would hold that petitioner's unexhausted federal claims were procedurally barred under state law, then the exhaustion requirement would be satisfied. In that event, although the exhaustion impediment to consideration of petitioner's claim on the merits would be removed, federal habeas

review of the claim would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's federal claim is procedurally barred under state law. *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claimed sentencing error, even though the alleged sentencing error could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). On the contrary, petitioner asserts that the claims now pending before the California Supreme Court were unavailable to him on direct review.

      The Court therefore concludes that this is not an appropriate case for invocation of either exception to the exhaustion requirement regarding the existence of an effective state corrective process.

      Therefore, the Petition is subject to dismissal.

      Petitioner has also requested this Court to stay these proceedings while he pursues his claims before the California Supreme Court. However, a District Court cannot stay a completely unexhausted petition. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 731 (1991) ("[t]his Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); *see also Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) ("We decline to extend [the stay and abeyance] rule [of *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005)] to the situation where the original habeas petition contained only unexhausted claims, but the record shows that there were exhausted claims that could have been included. . . . Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). In appropriate

circumstances a court may stay a fully exhausted petition or a mixed petition containing both exhausted and unexhausted claims. The instant Petition is neither fully exhausted nor mixed. Therefore, petitioner's request for a stay is denied.

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGEMENT BE ENTERED ACCORDINGLY.

Dated: December 18, 2015

_____
DEAN D. PREGERSON
United States District Judge

Presented by:

  /S/ FREDERICK F. MUMM  
FREDERICK F. MUMM
United States Magistrate Judge